FILED 9 NOV '23 11:33USDC-ORP

Denver Esolde Evers
SID No. 10676963
Oregon State Penitentiary
2605 State St.
Salem, Oregon 97310-1346
Plaintiff, *pro se*

Hon. Marco A. Hernández

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| DENVER ESOLDE EVERS, | Civil Action No. 6:23-cv-01175-HZ |
| Plaintiff, | **First Amended Complaint** |
| v. | **Jury Trial Demanded** |
| JACOB MCKINNEY, TONY FREISEN, CHUCK STORY and JOHN CATALDO in their individual and official capacities, | |
| Defendant. | |

*Introduction*

This is a civil rights action filed by Denver Esolde Evers, an adult in custody ("AIC"), for damages and injunctive relief under 42 U.S.C. § 1983, alleging discrimination in violation of the Fourteen Amendment and retaliation for reporting complaints in violation of the First Amendment to the United States Constitution, In addition, Plaintiff seeks a declaratory judgment pursuant to 28 U.S.C. § 2201.

*Jurisdiction*

1. The Court has jurisdiction over Plaintiff's claims of violation of his federal constitutional rights under 42 U.S.C. §§ 1331(1) and 1343.

Page 1 of 8 – First Amended Complaint

*Venue*

2. The District of Oregon is an appropriate venue under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions give rise to the claims occurred in this district

*Parties*

3. The plaintiff, Denver Esolde Evers ("PLAINTIFF"), during the events described herein was incarcerated at Oregon State Penitentiary ("OSP") which was owned and operated by the Oregon Department of Corrections ("ODOC"), an agency of the state of Oregon.

4. Defendant Jacob McKinney ("McKINNEY") was at all times described herein employed by ODOC as a Correctional Officer at OSP.

5. Defendant Tony Freisen ("FREISEN") was at all times described herein employed by Oregon Correction Enterprises ("OCE") as a coordinator at the OCE Metal Shop at OSP.

6. Defendant Chuck Story ("STORY") was at all times described herein employed by ODOC as a Correctional Officer at OSP.

7. Defendant Captain John Cataldo ("CATALDO") was at all times described herein employed by ODOC as part of security and was Officer in Charge ("OIC") at OSP.

8. All the defendants have acted, and continue to act, under color of state law at all times relevant to this complaint.

*Facts*

9. On or about July 6, 2021 PLAINTIFF went Canteen with the other workers from his work assignment.

10. McKINNEY turn PLAINTIFF away from Canteen but allowed the other approximately ten workers to proceed to Canteen.

11. McKINNEY and the other workers were all Caucasian or Latin.

12. PLAINTIFF is African American and member of the LGBTQIA+ community.

13. On July 6, 2021 PLAINTIFF went to the OIC's office to speak to CATALDO about McKINNEY. Another officer was standing in front of the OIC's office blocking entry. The officer asked PLAINTIFF what PLAINTIFF wanted to speak to CATALDO about. PLAINTIFF told the officer PLAINTIFF wished to discuss the incident involving McKINNEY. The officer went and spoke to CATALDO. Upon his return he told PLAINTIFF that CATALDO refused to speak to PLAINTIFF and relayed that CATALDO instructed PLAINTIFF to file a discrimination complaint and grievance.

14. On July 6, 2021 PLAINTIFF observed McKINNEY and Officer Patrick Hayes in an animated discussion. As Officer Hayes walked away from McKINNEY, PLAINTIFF heard McKINNEY ask out to Officer Hayes, "Am I going to be okay?" In response, Officer Hayes shrugged his shoulders and put his hands up physically indicating that he did not know.

15. On July 6, 2021 around 2:30 p.m. PLAINTIFF was walking from his institution's Yard area to his housing unit. While on the institution's Control Floor McKINNEY charged at PLAINTIFF in a threatening manner. McKINNEY stopped just short of contact with PLAINTIFF. McKINNEY then flexed his arms at PLAINTIFF, then walked away.

16. On July 7, 2021 as PLAINTIFF was going to lunch, McKINNEY was standing in front of the cafeteria. When PLAINTIFF walked by McKINNEY, MCKINNEY gave PLAINTIFF a menacing look and sneered.

17. On July 7, 2021 PLAINTIFF after having his lunch returned to his work assignment. PLAINTIFF's work supervisors FREISEN and Bob Frye took PLAINTIFF into an office and

told PLAINTIFF that McKINNEY called STORY and advised STORY that PLAINTIFF was no longer allowed to go to Canteen during PLAINTIFF's break time. If PLAINTIFF did so he would be subject to discipline. STORY relayed this order to FREISEN and Mr. Frye, who in turn gave the order to PLAINTIFF. FREISEN and Mr. Frye made clear that the order was only applicable to PLAINTIFF—that PLAINTIFF's coworkers would not be subject to the new rule. FREISEN also told PLAINTIFF, "If you can't stay out of trouble, you will be terminated."

18. PLAINTIFF immediately proceeded to the wood shop area to speak with STORY. PLAINTIFF related to STORY the incidents described above. In response, STORY told PLAINTIFF, "You're fucking retarded and a fucking idiot."

19. After work PLAINTIFF requested to speak with CATALDO. PLAINTIFF's request was denied. PLAINTIFF requested a grievance and discrimination form from the OIC's office. That request was denied. PLAINTIFF was instructed that if he wanted those forms he should obtain them from his housing unit sergeant.

20. After work PLAINTIFF asked Sgt. Polk for permission to speak with the OIC who was CATALDO. PLAINTIFF explained his need to discuss with CATALDO the incident. Sgt. Polk left to talk to CATALDO. When Sgt. Polk came back he took PLAINTIFF in front of Asst. Superintendent Wagner's office and told PLAINTIFF, "CATALDO told me to tell you that you need to drop your grievance or you will be terminated from the Metal Shop."

21. On July 7, 2021 PLAINTIFF filed a grievance on STORY for retaliation. The grievance was denied.

22. On July 20, 2021 PLAINTIFF met with Adam Kidwell, the then Grievance Coordinator for OSP. The meeting was to discuss PLAINTIFF's grievances. Mr. Kidwell warned PLAINTIFF

that he was "shaking a hornet's nest" and that if PLAINTIFF wrote too many grievance Mr. Kidwell would have Craig Prins (the then Inspector General) ban PLAINTIFF from being able to utilize the grievance system. Mr. Kidwell then asked PLAINTIFF to withdraw his grievances. PLAINTIFF refused.

23. On July 21, 2021 at approximately 1:30 p.m. McKINNEY lurched out of a hidden position in a threatening manner towards PLAINTIFF. McKINNEY had been lying in wait in-between the trash receptacles outside the OCE Metal Shop. McKINNEY paused with a menacing look in front of PLAINTIFF. McKINNEY then walked away without saying anything. At the time McKINNEY was not assigned to any post in the OCE area.

24. On or about July 27, 2021 PLAINTIFF walked past McKINNEY who was speaking to another officer, McKINNEY pointed at PLAINTIFF and told the other officer, "That's the guy who filed a discrimination complaint against me." The other officer responded, "Don't worry, they settle out of court before we get in any trouble."

25. On November 19, 2021 McKINNEY was assigned to and worked the security staff post at OSP's OCE Metal Shop.

26. On or about November 20, 2021 PLAINTIFF discovered a piece of metal approximately six inches in length that had been roughly fashioned into a knife. PLAINTIFF had no knowledge as to where the object came from or how it put in his cell. The next time PLAINTIFF's cell door was opened he disposed of the object.

27. On or about November 21, 2021 around 9 a.m. Ofc. Hayes appeared at PLAINTIFF's cell door. The door was opened and Ofc. Hayes asked PLAINTIFF, "I'm doing a cell search, do you have anything sharp in your room?" PLAINTIFF responded, "No" and then asked, "Can I take a

magazine to read while you do your search?" Ofc. Hayes replied, "No need. I'll be quick. I'm just looking in a couple sweet spots." The cell search lasted less than one minute.

28. On January 18, 2023 OCE staff Jason informed PLAINTIFF that STOREY had notified OCE staff that PLAINTIFF's bags were to be searched when he left work. PLAINTIFF asked Jason if everyone was subject to the searches. Jason told PLAINTIFF that only PLAINTIFF would be searched.

29. Based on the events described herein PLAINTIFF is in constant fear of suffering continued harm from defendants' campaign of retaliation, racial discrimination and intimidation.

## *Exhaustion of Administrative Remedies*

30. PLAINTIFF has exhausted his administrative remedies with respect to all claims and all defendants. In the alternative, for any defendant of claim deemed not to be fully exhausted, PLAINTIFF did not exhaust due to fear of further retaliation and that his previous grievances provided no relief and the grievance system proved futile.

## *Claims for Relief*

31. Defendant McKINNEY violated PLAINTIFF's right under the Fourteenth Amendment to not be subjected to racial discrimination. Defendants McKINNEY, FREISEN, STORY and CATALDO violated PLAINTIFF's right under the First Amendment of the United State Constitution to be free from retaliation for participating in protected activities. In the alternative, for each defendant found not to have directly retaliated against PLAINTIFF they were aware of the retaliation and failed to take any steps to stop it.

*Relief Requested*

**Wherefore**, PLAINTIFF respectfully prays that this Court:

A. Issue a declaratory judgment stating that:

  1. Defendants actions and inactions violated PLAINTIFF's rights under the First Amendment of the United States Constitution to be free from retaliation for taking part in protected activities.

B. Award compensatory damages[1] in the following amounts:

  1. $500,000.00 jointly and severally against McKINNEY, FREISEN, STORY and CATALDO for the economic losses and emotional injury resulting from their acts and omissions related to the direct retaliation against Plaintiff or in the alternative, for their knowledge of said retaliation and failure to take any action to stop it.

C. Award punitive damages[2] in the following amounts:

  1. $1,500,000.00 each against defendants McKINNEY, FREISEN, STORY and CALTADO.

D. Grant such other relief as it may appear PLAINTIFF is entitled.

DATED November 3, 2023.

---

[1] The requested compensatory damage awards are against Defendants' in their individual (not official) capacity.

[2] The requested punative damage awards are against Defendants' in their individual (not official) capacity.

Page 7 of 8 – First Amended Complaint

Respectfully Submitted,

_____
Denver Esolde Evers
SID No. 10676963
Oregon State Penitentiary
2605 State St.
Salem, Oregon 97310-1346
Plaintiff, *pro se*

**Pursuant to 28 U.S.C. § 1746, I declare and verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.**

Executed on November 3, 2023.

_____
Denver Esolde Evers
Plaintiff, *pro se*