IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DENVER ESOLDE EVERS,

        Plaintiff,

   v.

JACOB McKINNEY, CHUCK STORY,
ANTHONY FREISEN, and JOHN
CATLADO,

        Defendants.

No. 6:23-cv-01175-HZ

OPINION & ORDER

HERNÁNDEZ, Senior District Judge:

    Plaintiff Denver Esolde Evers bring this case under 42 U.S.C. § 1983 against Defendants Jacob McKinney, Chuck Story, Anthony Freisen, and John Cataldo. Plaintiff alleges Defendants violated his First and Fourteenth Amendment rights while he was an inmate at Oregon State Penitentiary ("OSP"). Defendants now move for partial summary judgment arguing that: (1) Plaintiff has failed to exhaust his administrative remedies; (2) Plaintiff's claims are time-barred; (3) Plaintiff's claims for retaliation against Defendant Story are based on inadmissible hearsay;

1 – OPINION & ORDER

and (4) that certain requests for relief are inappropriate. For the reasons that follow, the Court grants in part and denies in part Defendants' motion.

## BACKGROUND

Plaintiff's claims arise out of an alleged dispute between Plaintiff and Defendant McKinney, which began on July 6, 2021, when Plaintiff was turned away from the canteen at OSP. Second Am. Compl. ("SAC") ¶¶ 9-10, ECF No. 32. Plaintiff—an African American man and a member of the LGBTQIA+ community—alleges that Defendant McKinney discriminated against Plaintiff when he denied Plaintiff access to the canteen. Plaintiff alleges that at the time he denied Plaintiff access, Defendant McKinney allowed 10 other "Caucasian or Latin" inmates who were with Plaintiff to access the canteen. SAC ¶¶ 11-12.

The same day, Plaintiff tried to report the incident to Defendant Cataldo, the Officer-In-Charge. SAC ¶ 13. Another unnamed officer was blocking Plaintiff's entry to Defendant Cataldo's office. SAC ¶ 13. Plaintiff told the officer he wanted to discuss Defendant McKinney with Defendant Cataldo. SAC ¶ 13. The officer spoke with Defendant Cataldo, who refused to speak with Plaintiff. SAC ¶ 13. Defendant Cataldo allegedly told Plaintiff he should file a discrimination complaint and grievance. SAC ¶ 13.

Moments later, Plaintiff observed Defendant McKinney and Officer Hayes "in an animated discussion." SAC ¶ 14. As Officer Hayes walked away, Plaintiff heard Defendant McKinney ask, "Am I going to be okay?" SAC ¶ 14. Officer Hayes shrugged his shoulders in response. SAC ¶ 14. And around 2:30 PM that day, Plaintiff alleges that Defendant McKinney "charged at Plaintiff in a threatening manner" as Plaintiff walked to his housing unit. SAC ¶ 15. Defendant McKinney stopped short of contact with Plaintiff, flexed his arms at him, and then walked away. SAC ¶ 15.

The next day, as Plaintiff was going to lunch, Defendant McKinney gave Plaintiff a menacing look and sneered as he walked by. SAC ¶ 16. After lunch, when Plaintiff returned to his work assignment, Plaintiff's supervisors—Defendant Friesen and Officer Frye—told Plaintiff that Defendant McKinney had called Defendant Story. SAC ¶ 17. Defendant McKinney told Defendant Story that Plaintiff was no longer allowed to go to the canteen during his break and would be subject to discipline if he did so. SAC ¶ 17. Defendant Story relayed this information to Plaintiff's supervisors. SAC ¶ 17. Defendant Friesen and Officer Frye "made clear that the order was only applicable to Plaintiff." SAC ¶ 17. Plaintiff was also warned by Defendant Friesen that he would be terminated if he could not "stay out of trouble." SAC ¶ 17.

Plaintiff "immediately proceeded to the wood shop area to speak with [Defendant] Story." SAC ¶ 18. Plaintiff relayed the incidents described in Plaintiff's complaint to Defendant Story, who is alleged to have responded with, "You're fucking retarded and a fucking idiot." SAC ¶ 18.

After work on July 7, 2021, Plaintiff again requested to speak with Defendant Cataldo. SAC ¶ 19. Plaintiff's request was denied. SAC ¶ 19. Plaintiff requested a grievance and discrimination form, which was also denied. SAC ¶ 19. Plaintiff was told he needed to obtain those forms from his housing unit sergeant. SAC ¶ 19. So, Plaintiff asked to speak with Defendant Cataldo a second time. SAC ¶ 20. Seargent Polk left to talk to Defendant Cataldo. SAC ¶ 20. When Seargent Polk returned, he escorted Plaintiff to Assistant Superintendent Wagner's office instead, informing Plaintiff that Defendant Cataldo said that Plaintiff "need[ed] to drop [his] grievance or [he would] be terminated from the Metal Shop." SAC ¶ 20. That day, Plaintiff filed a grievance against Defendant Story for retaliation, which was denied. SAC ¶ 21.

3 – OPINION & ORDER

A couple weeks later on July 20, 2021, Plaintiff met with the Grievance Coordinator for OSP to discuss Plaintiff's grievances. SAC ¶ 22. Plaintiff alleges that the Grievance Coordinator warned Plaintiff that he was "shaking a hornet's nest" and that if Plaintiff filed too many grievances he would be banned from using the grievance system. SAC ¶ 22. Plaintiff was asked to withdraw his grievances, but he refused. SAC ¶ 22.

On July 21, 2021, Plaintiff alleges that Defendant McKinney "lurched out of a hidden position in a threatening manner towards Plaintiff." SAC ¶ 23. Plaintiff alleges that Defendant McKinney had been "lying in wait" outside the metal shop even though he was not assigned to any post in that area. SAC ¶ 23. Defendant McKinney "paused with a menacing look in front of Plaintiff" and then walked away without saying anything. SAC ¶ 23.

Six days later, Plaintiff again encountered Defendant McKinney. SAC ¶ 24. Plaintiff alleges Defendant McKinney "pointed at Plaintiff and told [another] officer, 'That's the guy who filed a discrimination complaint against me.'" SAC ¶ 24. The other officer told Defendant McKinney not to worry about it because they would "'settle out of court before [they] get into any trouble.'" SAC ¶ 24.

Months later, on November 20, 2021, when Defendant McKinney was assigned to the security staff position at the metal shop, Plaintiff discovered a six-inch piece of metal that had been "roughly fashioned into a knife" in his cell. SAC ¶ 26. Plaintiff had no knowledge of where the object came from and disposed of it the next time his cell door opened. SAC ¶ 26.

The next day, Officer Hayes approached Plaintiff's cell door and announced he was doing a cell search of Plaintiff's cell. SAC ¶ 27. He specifically asked Plaintiff whether he had anything sharp, and Plaintiff responded "no." SAC ¶ 27. Officer Hayes quickly searched the cell in a "couple sweet spots." SAC ¶ 27.

On January 18, 2023, another OSP staff member informed Plaintiff that Defendant Story had instructed metal shop staff to search Plaintiff's bags when he left work. SAC ¶ 28. The staff member informed Plaintiff that Plaintiff was the only person that would be searched. SAC ¶ 28.

On May 14, 2024, Plaintiff alleges that Defendant Story told multiple inmates and ODOC staff members that a "tall, black, gay guy with gold rimmed glasses that used to work in the Metal Shop had filed a meritless lawsuit against him for five million dollars." SAC ¶ 29. Plaintiff learned about these statements a week later from other inmates. SAC ¶ 30.

Plaintiff filed this lawsuit on August 11, 2023. Compl., ECF No. 1. Plaintiff alleges that because of Defendants' actions he is "in constant fear of suffering continued harm from [D]efendants' campaign of retaliation, racial discrimination, and intimidation." SAC ¶ 31. Plaintiff alleges that "Defendant McKinney violated Plaintiff's right under the Fourteenth Amendment to not be subjected to racial discrimination." SAC ¶ 33. He also alleges that Defendants McKinney, Freisen, Story, and Cataldo violated Plaintiff's First Amendment rights to be free from retaliation for participating in protected activities. SAC ¶ 33. Plaintiff seeks a declaratory judgment, compensatory damages for both economic losses and emotional injuries, and punitive damages. SAC ¶¶ A-C.

## STANDARDS

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial responsibility of informing the court of the basis of its motion, and identifying those portions of "'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the

absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting former Fed. R. Civ. P. 56(c)).

Once the moving party meets its initial burden of demonstrating the absence of a genuine issue of material fact, the burden then shifts to the nonmoving party to present "specific facts" showing a "genuine issue for trial." *Fed. Trade Comm'n v. Stefanchik*, 559 F.3d 924, 927–28 (9th Cir. 2009) (internal quotation marks omitted). The nonmoving party must go beyond the pleadings and designate facts showing an issue for trial. *Bias v. Moynihan*, 508 F.3d 1212, 1218 (9th Cir. 2007) (citing *Celotex*, 477 U.S. at 324).

The substantive law governing a claim determines whether a fact is material. *Suever v. Connell*, 579 F.3d 1047, 1056 (9th Cir. 2009). The court draws inferences from the facts in the light most favorable to the nonmoving party. *Earl v. Nielsen Media Rsch., Inc.*, 658 F.3d 1108, 1112 (9th Cir. 2011). If the factual context makes the nonmoving party's claim as to the existence of a material issue of fact implausible, that party must come forward with more persuasive evidence to support its claim than would otherwise be necessary. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## DISCUSSION

Defendants move for partial summary judgment on Plaintiff's claims.[1] First, Defendants argue that some of Plaintiff's claims were not properly exhausted. Second, Defendants argue that some of Plaintiff's claims fall outside the statute of limitations. Third, Defendants argue that Plaintiffs' 2023 and 2024 claims against Defendant Story are based on inadmissible hearsay.

---

[1] Defendants do not move for summary judgment on all of Plaintiff's claims against Defendant McKinney, including his claim for discrimination involving the July 6, 2021 incident at the canteen.

And fourth, Defendants seek summary judgment on Plaintiff's claim for a declaratory judgment, compensatory damages arising out of emotional injury, and punitive damages.

## I. Failure to Exhaust

Defendants argue that Plaintiff has failed to exhaust some of his claims against Defendants McKinney and Story and all of his claims against Defendant Friesen. Def. Mot. Summ. J. ("MSJ") 8-11, ECF No. 38. Exhaustion under the PLRA is mandatory. *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002) (citing *Booth v. Churner*, 532 U.S. 731, 741 (2001)). Under the PLRA, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Because exhaustion is an affirmative defense, it "must be pled and proved by a defendant." *Albino v. Baca*, 747 F.3d 1162, 1168 (9th Cir. 2014). The defendant has the burden to prove that "there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." *Id.* at 1172. The requirement that an inmate fully exhaust the administrative remedies made available both "give[s] the agency a fair and full opportunity to adjudicate [the complaint]" and "impos[es] some orderly structure on the course of [the prison's] proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90–91 (2006)

Here, the parties dispute whether the Ninth Circuit's recent decision in *Sheltra v. Christensen*, 124 F.4th 1195 (9th Cir. 2024), forecloses Defendants' argument that some of Plaintiff's claims were not properly exhausted.[2] In *Sheltra*, the Ninth Circuit joined four other

---

[2] As Defendants point out in their motion for summary judgment, Plaintiff alleges in his complaint that any failure to exhaust was "due to fear of further retaliation and that his previous grievances provided no relief and the grievance system proved futile." SAC ¶ 32. Plaintiff, however, does not make either argument in his Response to the Motion for Summary Judgment. The Court, therefore, declines to address this argument further.

7 – OPINION & ORDER

circuits in adopting the continuing-violations doctrine as applied to the PLRA's exhaustion requirement. *Id.* at 1197. There, the plaintiff brought claims for failure-to-protect against prison officials. *Id.* at 1199. He had filed a grievance identifying safety concerns. *Id.* at 1198. And a month later, the plaintiff was attacked by another inmate, who had allegedly been identified in his earlier grievance. *Id.* The plaintiff, however, did not file a timely grievance regarding the attack, so the defendant argued that the attack had therefore not been administratively exhausted. *Id.*

The Ninth Circuit disagreed with the defendant and concluded that the plaintiff's pre-attack grievance—alerting officials to risks to the plaintiff's safety—covered the attack on the plaintiff. *Id.* at 1201. Consistent with several other circuit courts, the Ninth Circuit concluded that "'[w]here there is one, continuing harm or a single course of conduct (which can lead to discrete incidents of harm), filing repeat grievances is unnecessary.'" *Id.* at 1202 (quoting *Morgan v. Trieweiler*, 67 F.4th 362, 369 (6th Cir. 2023)). The court emphasized that "the crucial question in evaluating the merits of a continuing Eighth Amendment violation is not whether prison officials ever performed an investigation into the inmate's grieved violation, but whether prison officials were aware that the complaining inmate faced a substantial risk of harm and acted unreasonably despite such knowledge." *Id.* at 1202-03. Applied to the plaintiff's case, the circuit court concluded that the plaintiff had "grieved a continuing harm or single course of conduct—prison officials failing to protect him from a specifically identified threat posed by inmates in his housing unit." *Id.* ("While he referenced some discrete events and interactions in his inmate complaints, taken in context, they all related to a singular ongoing risk of harm.").

Applying *Sheltra* to the facts of this case, the Court finds that Plaintiff's grievances cover all of Plaintiff's claims against Defendant McKinney. Defendant argues that Plaintiff has not

exhausted his claims of threatening and retaliatory behavior by Defendant McKinney, including Plaintiff's claims that: (1) Defendant McKinney gave Plaintiff a menacing look on July 7, 2021; (2) Defendant McKinney's threatening order to Defendants Friesen and Story on July 7, 2021; (3) Defendant McKinney's identification of Plaintiff to another officer as "the guy who filed a discrimination complaint against me" on July 27, 2021; and (4) Defendant McKinney setting Plaintiff up by placing a knife in his cell in November 2021. But all four of these incidents are part of the "same course of conduct" that Plaintiff complained of in his July grievances and discrimination complaint. *See* Brace Decl. Ex. C at 12, 18-19, 28-30, 34-36, ECF No. 38-1. In all of these grievances, Plaintiff notified prison officials of Defendant McKinney's ongoing discriminatory and threatening behavior against Plaintiff. In other words, the "discrete events" identified by Defendants all relate to a singular ongoing risk of discrimination and retaliation against Plaintiff by Defendant McKinney. *Sheltra,* 124 F.4th at 1203 ("While he referenced some discrete events and interactions in his inmate complaints, taken in context, they all related to a singular ongoing risk of harm.").

As to the claims involving Defendants Friesen and Story, however, the Court agrees with Defendants that Plaintiff's claims were not properly exhausted. In his Second Amended Complaint, Plaintiff alleges that on July 7, 2021, Defendant Friesen—Plaintiff's supervisor—told Plaintiff that Defendant McKinney had called Defendant Story and informed Defendant Story that Plaintiff was no longer allowed to go to the canteen. SAC ¶ 17. Allegedly, Defendant Story conveyed this information to Defendant Friesen. Defendants Friesen and Story also threatened Plaintiff with discipline. SAC ¶ 17. This specific incident—and Defendants alleged involvement with Defendant McKinney's retaliation—is not described in any of Plaintiff's grievances. There is only one grievance in the record against Defendant Friesen, which grieves

9 – OPINION & ORDER

Plaintiff's 2023 termination from the metal shop. Brace Decl. Ex. E. at 10-11. There are two other grievances against Defendant Story that also grieve unrelated incidents. In July 2021, Plaintiff filed a grievance describing an interaction with Defendant Story in which he referred to Plaintiff as an idiot and threatened Plaintiff with termination for use of the grievance system. Brace Decl. Ex. C at 26. In the second—from January 2023—Plaintiff grieves an allegedly discriminatory bag search ordered by Defendant Story. Brace Decl. Ex. E at 25. None of these grievances reference Defendant McKinney or Plaintiff's complaints against him. Thus, while Plaintiff notified ODOC of his concerns regarding discrete incidents with both Defendant Friesen and Story, Plaintiff did not put ODOC on notice of any ongoing course of conduct by either Defendant or their involvement in Defendant McKinney's retaliatory actions. Defendants are therefore entitled to summary judgment on these claims.

## II.     Statute of Limitations

Defendant argues that some of Plaintiff's claims against Defendants Cataldo and Story are barred by the statute of limitations.[3] "Section 1983 does not contain its own statute of limitations." *Flynt v. Shimazu*, 940 F.3d 457, 461 (9th Cir. 2019) (citation and internal quotation marks omitted). Instead "[f]ederal courts in § 1983 actions apply the state statute of limitations from personal-injury claims." *Soto v. Sweetman*, 882 F.3d 865, 871 (9th Cir. 2018); *see also Butler v. Nat'l Comm. Renaissance of Cal.*, 766 F.3d 1191, 1198 (9th Cir. 2014) ("Section 1983 does not contain its own statute of limitations. Without a federal limitations period, the federal courts apply the forum state's statute of limitations for personal injury actions."). Oregon has a two-year statute of limitations for general personal injury claims. Or. Rev. Stat. § 12.110(1).

---

[3] Defendants also argue that Plaintiff's claims against Defendant Friesen are barred by the statute of limitations. Def. MSJ 11. Because Plaintiff did not exhaust his claims against Defendant Friesen, the Court need not address this argument.

In addition, "civil rights claims [under § 1983] accrue, based on federal law, when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Anderson v. Scott*, No. 22-16086, 2023 WL 3563004, at *1 (9th Cir. May 19, 2023) (quotation omitted); *see also Gibson v. United States*, 781 F.2d 1334, 1340 (9th Cir. 1986) (citations omitted) ("[A]lthough state law prescribes the statute of limitation applicable to section 1983 claims, federal law governs the time of accrual."). Claims brought by prisoners, however, are "tolled while a prisoner completes the mandatory exhaustion process." *Brown v. Valoff*, 422 F.3d 926, 943 (9th Cir. 2005).

The Court agrees with Defendant that some of Plaintiff's claims are time-barred. Plaintiff filed this lawsuit on August 11, 2023. Therefore, claims that accrued prior to August 11, 2021, are time-barred. Plaintiff filed a grievance regarding Defendant Cataldo on July 20, 2021. Brace Decl. Ex. C at 32. This was denied on July 28, 2021. Brace Decl. Ex. C at 31. No further appeal was filed. Thus, Plaintiff's claim—with applicable tolling—accrued on July 28, 2021, and falls outside the limitations period. Similarly, as the July 7, 2021, incident where Defendant Story used threatening and demeaning language in a conversation with Plaintiff, Plaintiff filed his grievance on July 7, 2021, and the grievance was denied on July 8, 2021. Brace Decl. Ex. C at 25-26. Thus, Plaintiff's claim accrued on July 8, 2023, and is outside the limitations period. Plaintiff's claims against Defendant Cataldo and his claims against Defendant Story arising out of the July 2021 incident are therefore dismissed as time barred.

### III. Plaintiff's Remaining Claims Against Defendant Story

Defendant argues that there is no dispute of fact as to the alleged retaliation by Defendant Story from 2023 and 2024 because Plaintiff's only evidence in support of Plaintiff's claims constitutes inadmissible hearsay. At the summary judgment stage, the court does not "focus on

the admissibility of the evidence's form" but instead focuses "on the admissibility of its contents." *Fraser v. Goodale,* 342 F.3d 1032, 1036 (9th Cir. 2003). Thus, "at summary judgment a district court may consider hearsay evidence submitted in an inadmissible form, so long as the underlying evidence could be provided in an admissible form at trial, such as by live testimony." *JL Beverage Co., LLC v. Jim Beam Brands Co.*, 828 F.3d 1098, 1110 (9th Cir. 2016). And "[f]or purposes of summary judgment, a verified complaint may be treated as an affidavit or declaration to the extent that it is based on personal knowledge and sets forth facts admissible in evidence." *Hardy v. 3 Unknown Agents*, 690 F. Supp. 2d 1074, 1084–85 (C.D. Cal. 2010) (citing *Schroeder v. McDonald,* 55 F.3d 454, 460 (9th Cir. 1995)).

Defendant is not entitled to summary judgment on Plaintiff's claims against Defendant Story merely because the evidence—in its current form—may be hearsay. Plaintiff's allegations concerning the 2023 and 2024 incidents rely on statements by third parties as to what Defendant Story said—namely, instructions from Defendant Story to a corrections officer singling Plaintiff out for a bag search, and comments by Defendant Story to other inmates regarding the merit of Plaintiff's lawsuit. SAC ¶¶ 28-30. In his response brief, Plaintiff states that he would call as witnesses at trial the corrections officer and inmates to whom Defendant Story made allegedly retaliatory comments. As Plaintiff points out, these witnesses' testimony about what Defendant Story told them would be admissible as a statement of a party opponent and therefore not hearsay under the Federal Rules of Evidence. FRE 801(d)(2)(a); *see also United States v. Fernandez*, 172 F. Supp. 2d. 1265, 1281-82 (C.D. Cal. 2001) (finding a witnesses testimony about conversations with a defendant "are admissible as a statement of the party opponent"). Moreover, Plaintiff includes allegations as to Defendant Story's statements in his verified complaint. FAC ¶¶ 28 ("OCE Staff Jason informed Plaintiff that [Defendant Story] had notified OCE staff that

12 – OPINION & ORDER

Plaintiff's bags were to be searched when he left work), 29 (alleging Plaintiff learned about statements from Defendant Story from other inmates). In other words, Defendant's argument puts form over substance. Because this evidence could be admissible at trial, the Court declines to dismiss Plaintiff's 2023 and 2024 claims against Defendant Story on these evidentiary grounds.[4]

## IV.     Remedies

Defendant moves for summary judgment on Plaintiff's request for a declaratory judgment, compensatory damages for emotional injuries, and punitive damages. Plaintiff does not oppose Defendant's motion as to his claim for a declaratory judgment or compensatory damages for emotional injuries but asks that the Court allow Plaintiff to make a claim for nominal damages. Pl. Opp'n 4 ("The Court should allow Plaintiff leave to amend his complaint substituting compensatory damages with nominal damages[.]"), ECF No. 42. Plaintiff, however, opposes Defendants' request for summary judgment on Plaintiff's claim for punitive damages.

The Court dismisses Plaintiff's claim for a declaratory judgment and compensatory damages arising out of emotional injury and grants Plaintiff's request regarding nominal damages. Per Defendant's request, the Court "recognize[s] Plaintiff's nominal damages claim," Def. MSJ 12, such that no amended pleading is required at this time.

---

[4] In their reply, Defendants also argue they are entitled to summary judgment because Plaintiff has failed to submit a declaration or affidavit from either the corrections officer or inmate identified by Plaintiff in his response brief. Def. Reply 9, ECF No. 43. But Defendants' argument in their opening brief was solely that these statements were inadmissible hearsay. *See* Def. MSJ ("The only evidence Plaintiff can offer for Defendant Story taking adverse action against him in January 2023 and 2024 constitutes inadmissible hearsay."). Plaintiff reasonably limited his response to this legal question raised by Defendants. *See* Pl. Opp'n 3. Moreover, as the Court points out, Plaintiff includes allegations regarding the witnesses' statements in his verified complaint. SAC ¶¶ 28-29. In light of the record and the briefing in front of the Court, the Court declines to further address Defendants' arguments as to the sufficiency of the evidence.

Turning to Plaintiff's claim for punitive damages, the Court agrees with Plaintiff that Defendants' motion is premature. Defendants have not moved for summary judgment on the primary claim in this case—that Defendant McKinney discriminated against Plaintiff and then took retaliatory and threatening actions against him in response to Plaintiff's complaint of discrimination. SAC ¶¶ 9-12. In other words, the Court may not have a complete factual record from which to decide whether Plaintiff's punitive damages claim should be dismissed in its entirety. The Court cannot determine at this juncture whether Defendants' conduct was "motivated by evil motive or intent, or . . . involve[d] reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56 (1983). The Court therefore denies Defendants' motion for summary judgment on Plaintiff's claim for punitive damages.

## CONCLUSION

The Court GRANTS in part and DENIES in part Defendants' Motion for Summary Judgment [38]. Plaintiff's claims against Defendants Friesen and Cataldo are dismissed with prejudice. The Court dismisses with prejudice Plaintiff's claims against Defendant Story regarding actions taken in 2021. Plaintiff's claim for a declaratory judgment and for compensatory damages for emotional injuries are also dismissed, and the Court recognizes Plaintiff's claim for nominal damages.

IT IS SO ORDERED.

DATED: September 29, 2025.

MARCO A. HERNÁNDEZ
United States Senior District Judge